NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAMADA WORLDWIDE, INC., a Delaware Corporation, | |
| Plaintiff, | Civil Action No. 13-3878 (KM) |
| v. | |
| GRAND RIOS INVESTMENTS, LLC, a Minnesota Limited Liability Company; PERCY POONIWALA, an individual; SHREEKANTH MARIPALLY, an individual; and ASHOK SHETTY, an individual, | OPINION |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court upon motion by Defendants Grand Rios Investments, LLC ("Grand Rios") and Percy Pooniwala ("Pooniwala") for change of venue pursuant to 28 U.S.C. §1404(a) and erroneously under Fed R. Civ. P. 12(b)(3).[1]  Mot. for Change of Venue ("Motion"), ECF No. 5.  Plaintiff Ramada Worldwide, Inc. ("RWI" or "Plaintiff") opposes the Motion. Def.'s Opp'n Br., ECF No. 6.  The Court has considered Defendants' Motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below,

---

[1] Defendants asserts they are moving for change of venue under Fed. R. Civ. P. 12(b)(3) and in the alternative under 28 U.S.C. §1404(a). Defendants seem to conflate Fed. R. Civ. P. 12(b)(3), which provides for a motion to dismiss for improper venue, and 28 U.S.C. §1404(a), which governs a motion for change of venue.  Defendants do not claim to be moving to dismiss, but rather seek transfer.  Therefore, the Court will construe this motion as a motion for change of venue pursuant 28 U.S.C. §1404(a).

Defendants' Motion is denied.

## II. BACKGROUND

### A. Factual Background

The underlying dispute in this matter involves an alleged breach of a Franchise Agreement between Plaintiff RWI and Defendant Grand Rios. Compl., ECF No. 1, ¶ 11. Plaintiff RWI is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Id. at ¶ 1. Defendant Grand Rios is a Minnesota limited liability company with its principal place of business in Brooklyn Park, Minnesota. Id. at ¶ 2. Defendants Pooinwala, Maripally, and Shetty are the only members of Grand Rios authorized to enter into obligations on its behalf. Id. at ¶ 6. All three are Minnesota residents. Id. at ¶ 3-5.

On September 8, 2010, Grand Rios and RWI signed a Franchise Agreement, pursuant to which Grand Rios would operate a 224-room Ramada guest lodging facility in Brooklyn Park, Minnesota (the "Facility"), for a period of fifteen years. Id. at ¶ 11-12. RWI and Grand Rios also entered into an Addendum to the Franchise Agreement ("Addendum"), pursuant to Minnesota Franchise Investment Law. Addendum, attached as Ex. B to Complaint, ECF No.1. Also at that time, Pooniwala, Maripally, and Shetty signed personal Guarantees. Guaranty, attached as Ex. C to Complaint, ECF No.1.[2] Grand Rios was also required to make certain periodic payments to RWI for royalties, service assessments, taxes, interest, reservation system user fees, and other fees. Compl., ECF No. 1, ¶ 13. On or about June 14, 2011, Grand Rios allegedly ceased operations of the Facility. Id. at ¶ 25. RWI sent a letter to Pooniwala,

---

[2] Under the Guaranty, Pooniwala, Maripally, and Shetty all agreed that "[u]pon default by Franchisee and notice from [RWI] we will immediately make each payment and perform or cause Franchisee to perform, each unpaid or unperformed obligation of Franchisee under the Agreement." Guaranty, attached as Ex. C to Complaint, ECF No.1.

Maripally, and Shetty dated June 22, 2011, demanding damages and the completion of other obligations. June 22, 2011 Letter, attached as Ex. D to Complaint, ECF No 1.

B. **Procedural History**

Plaintiff filed a Complaint against the Defendants on June 24, 2013, demanding: (1) an accounting of all revenue derived by Grand Rios as a result of marketing, promoting, and selling guest lodging at the Facility from the inception of the agreement until the date of termination; (2) judgment of actual damages against Grand Rios for premature termination of the Franchise Agreement; (3) judgment of actual damages for recurring fees pursuant to section 7, section 18.5, and Schedule C of the Franchise Agreement; (4) remittance by Grand Rios of recurring fees owed before the termination of the Franchise Agreement under breach of contract and unjust enrichment; and (5) alternatively, remittance of actual damages and recurring fees by Pooniwala, Maripally, and Shetty under the Guaranty. Compl., June 24, 2013, ECF No. 1.

On July 24, 2013, Defendants Grand Rios and Pooniwala filed a motion to transfer venue to the United States District Court for the District of Minnesota. Defs.' Mot. Change of Venue ("Def.'s Mot."), July 24, 2013, ECF No. 5. Defendants argue that the parties specifically agreed to Minnesota as the forum for disputes, and that Plaintiff is barred from requiring litigation to be conducted outside that state. Id. at 2-3. On August 5, 2013, Plaintiff opposed the motion. Pls.' Opp'n Brief ("Pl.'s Br."), ECF No. 6. Plaintiff argues that the Franchise Agreement contained a forum selection clause, which was incorporated in the Guaranty, in which Defendants consented to the non-exclusive personal jurisdiction of this Court and venue within this District. Id. at 4.

**III. DISCUSSION**

    **A. Forum Selection**

In support of their Motion to Transfer Venue, Grand Rios and Pooniwala rely on the Minnesota Franchise Act and the Addendum to the Franchise Agreement to support their claim that the parties agreed to a forum selection clause in Minnesota. The relevant provision of the Minnesota Franchise Act states:

> Any condition, stipulation or provision, including any choice of law provision, purporting to bind any person who, at the time of acquiring a franchise is a resident of this state, or, in the case of a partnership or corporation, organized or incorporated under the laws of this state, or purporting to bind a person acquiring any franchise to be operated in this state to waive compliance or which has the effect of waiving compliance with any provision of sections 80C.01 to 80C.22 or any rule or order thereunder is void.

Minn. Stat. § 80C.21.

Further, Defendants claim that the parties incorporated this provision into the Addendum to the Franchise Agreement which reads:

> Minnesota Statutes, Section 80C.21 and Minn. Rules 2860.4400J prohibit us from requiring litigation to be conducted outside Minnesota. Nothing in the Franchise Disclosure Document or this Agreement can abrogate or reduce any of your rights as provided for in Minnesota Statutes 1987, Chapter 80C, or your rights to any procedure, forum or remedies provided for by the laws of Minnesota.

Defendants argue that the inclusion of this language subjecting the Franchise Agreement to the statutory mandate of Minn. Stat. § 80C.21 creates a valid forum selection clause in Minnesota. Defendants contend that, as the relevant language in the Addendum amounts to a forum selection clause, Plaintiff is precluded from filing suit outside the state of Minnesota.

Plaintiff argues that the language in addendum does not create a forum selection clause in Minnesota, but rather simply provides that waivers of the protections afforded by the Act are prohibited. Further, Plaintiff assert that Defendants' argument that venue is improper in New

Jersey is meritless, as the parties consented this Court's venue.   Plaintiff claims that the Franchise Agreement contains a forum selection clause giving this Court jurisdiction, which is incorporated into the Guaranty and amended by the Addendum.   See Franchise Agreement, attached as Ex. A to Affidavit of Suzanne Fenimore ("Fenimore Aff."), ECF No. 6-2. Under the Franchise Agreement the parties agreed to a provision titled "Choice of Law; Venue; Dispute Resolution," which states in pertinent part as follows:

> You consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between we and you.

Addendum, attached as Ex. A to Complaint, ECF No.1, at § 17.6.3.   Therefore, according to Plaintiff, the forum selection clause consented to by the parties placed venue in New Jersey, rather than Minnesota.

The Minnesota Franchise Act, relied upon by the Defendants, limits the ability of franchise purchasers to waive choice of law provisions.   The Franchise Act applies to sales or offers of sale that are made in Minnesota, are accepted in Minnesota, or when the franchise is to be located in Minnesota. Minn. Stat. § 80C.19.   Defendants Grand Rios and Pooniwala would have the Court read the Minnesota statute to preclude all cases and controversies stemming from sales of franchises operated in Minnesota from litigating in any forum other than Minnesota. However, a plain reading of the statute's language indicates that the rule is designed to prohibit waiver of the protections afforded to franchisees under the statute.   Essentially, under Minn. Stat. § 80C.19, a Minnesota franchisee cannot be prevented from filing suit in its "home" court in Minnesota by a franchisor.   Thus, Grand Rios's ability to file suit in Minnesota is preserved, and cannot be contractually waived.

The Franchise Agreement does not contain any language indicating that Grand Rios or the other defendants waived any right to file suit in Minnesota. In fact, the provision requires only that they assent to the "non-exclusive personal jurisdiction" of certain other courts. Addendum, attached as Ex. A to Complaint, ECF No.1, at § 17.6.3. Nothing in the relevant contractual language indicates an attempt to deny Defendants the rights preserved in the Minnesota statute, or to limit their selection of forum should they choose to file suit. Instead, the language merely indicates that Defendants have waived their right to contest this Court's jurisdiction over them for matters arising from this agreement. Defendants provide no legal authority for the proposition that the Minnesota Statute limits this litigation solely to the Minnesota courts.

For the reasons stated above, the Court rejects Defendants' contention that the Addendum and Minnesota Statute §80C.19 require this litigation to proceed in Minnesota. Therefore, the Court will assess Defendants' motion pursuant to the traditional standards under 28 U.S.C. §1404(a).

**B. Change of Venue Pursuant to 28 U.S.C. § 1404(a).**

Section 1404(a) of Title 28 of the United States Code permits a district court "[f]or the convenience of parties and witnesses, [and] in the interest of justice" to transfer an action to another district "where it might have been brought." Abrams v. Gen. Nutrition Cos., Inc., 2006 WL 2739642, at *8 (D.N.J. Sept. 26, 2006) (citing 28 U.S.C. § 1404(a)). "An action might have been brought in another district if: (1) venue is proper in the [other] district, and (2) the [other] district can exercise [personal] jurisdiction over all the parties." Id. (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970)). Thus, "[t]he first step in a court's analysis of a

transfer motion is to determine whether [personal jurisdiction and] venue would be proper in the transferee district." Marino v. Kent Line Int'l, 2002 WL 31618496, at *2 (E.D.Pa. Nov. 20, 2002) (citing Pro Spice, Inc. v. Omni Trade Group, Inc., 173 F. Supp. 2d 336, 339 (E.D.Pa. 2001)). The movant bears the burden of demonstrating that transfer is warranted. Id.

If the first prong of the inquiry is satisfied, the Court must then weigh a series of private and public factors to determine whether transfer is appropriate. See Marino, 2002 WL 31618496 at *2 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)). Section 1404(a) provides three factors for consideration: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). In Jumara, the Court of Appeals for the Third Circuit noted that "there is no definitive formula or list of the factors" that a court must examine, and it identified private and public interest factors to be considered to determine if a case would more conveniently proceed in another venue. See Jumara, 55 F.3d at 879. The "private interests" factors include: (1) plaintiff's choice of forum; (2) defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. See Wallace v. Mercantile Cnty. Bank, 2006 WL 3302490, at *3 (E.D.Pa. Nov. 9, 2006) (citing Jumara, 55 F.3d at 879). The "public interests" factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty arising from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable law. Id.; see also Jumara, 55 F.3d at 879-80.

Defendants have demonstrated that both the Ramada Hotel in question and its owner-operator Grand Rios were located in Brooklyn Park, Minnesota, and that Defendants Pooniwala and Maripally resided in Minnesota. Mot. for Change of Venue, ECF No. 5, at 5. However, Defendants Grand Rios and Pooniwala present no evidence that a change in venue would do anything other than shift the inconvenience of venue from the Defendants to the Plaintiff. Ordinarily, a plaintiff's choice of forum is a "paramount consideration" and should not be "lightly disturbed." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted). Indeed, "a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum." Windt v. Qwest Commc'ns Int'l, Inc., 529 F.3d 183, 190 (3d Cir. 2008). Therefore, in this case, Plaintiff's preference for venue in New Jersey must be given substantial weight.

Defendants have made no showing that the Jumara factors weigh in favor of venue transfer to Minnesota. The party seeking transfer should support its motion with affidavits and other documentation establishing that the interests of justice and convenience of the parties would best be served by a transfer. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756-57 (3d Cir. 1973). Defendants have submitted no evidence to the Court that would warrant a transfer of venue. Other than pointing at that Defendants Pooniwala and Maripally are Minnesota residents, Defendants present nothing to indicate that any of the public or private interest factors weigh in Defendants' favor. Therefore, Defendants have not carried their burden to show change of venue should be granted.

Finally, as discussed previously, the forum selection clause in the Franchise Agreement—as amended by the Addendum—did not require mandatory choice of venue in Minnesota. Without any indication that a change of venue serves the interest of justice and is in the convenience of the parties and witnesses, the Court will not grant a motion to change venue.

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion to change venue is denied. An appropriate form of Order accompanies this Opinion.

_Michael A. Hammer_
**UNITED STATES MAGISTRATE JUDGE**

Date: October 23, 2013